# Third District Court of Appeal

## State of Florida

Opinion filed November 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-244
Lower Tribunal No. 14-8095
_____

**OneWest Bank, N.A.,**
Appellant,

vs.

**Gloria Leek-Tannenbaum, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Bradley Arant Boult Cummings LLP, and D. Brian O'Dell (Birmingham, AL), for appellant.

Jacobs Legal, PLLC, and Bruce Jacobs, for appellee.

Before EMAS, LOGUE and MILLER, JJ.

PER CURIAM.

This appeal stems from an action attempting to foreclose on a reverse mortgage. After trial, the circuit court entered judgment in favor of the Appellee, the surviving spouse of the borrower, finding that although she did not sign the note, she also qualified as a "borrower" because of the circumstances surrounding her signing of the mortgage. A panel of this court initially agreed. OneWest Bank, N.A. v. Leek-Tannenbaum, 283 So. 3d 366 (Fla. 3d DCA 2019).

On review, however, the Florida Supreme Court quashed our prior decision. OneWest Bank, N.A. v. Leek-Tannenbaum, No. SC19-1928, 2021 WL 4946821, at *1 (Fla. Oct. 22, 2021). Upon remand, the Court directed us to reconsider this matter in light of WVMF Funding v. Palmero, 320 So. 3d 689 (Fla. 2021).

In Palmero, the Court rejected the argument made by the Appellee. The Supreme Court held:

> Because the note—which defines [the spouse who signed the note] and only [that spouse] as the "Borrower"—resolves any conflict created by [the surviving spouse] signing her name in the "Borrower" signature block of the mortgage, we need not look beyond (and it was unnecessary for the trial court to look beyond) the note and mortgage to the other documents that were part of the same transaction to determine, as a matter of law, how the parties intended to define the term "Borrower."

Palmero, 320 So. 3d at 693.

Adhering to <u>Palmero</u>, we reverse the final judgment under review and remand with directions that the trial court enter a foreclosure judgment for the Appellant.

Reversed with directions.